Luis F. Reyes (SBN 317323)
Steven J. Settles (SBN 317426)
Email: Luis@reyessettles.com
Reyes & Settles, LLP
41690 Ivy Street, Suite B
Murrieta, CA 92562
Telephone: 888-812-5549
Facsimile: 866-877-0311

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT

| | |
|---|---|
| MARIBEL BARRERA-VASQUEZ, MARVIN BARRERA, individuals, and MARCOS IZAGUIRRE BARRERA AND CHRISTIAN ORELLANA BARRERA, by and through their Guardian Ad Litem, MARIBEL BARRERA VASQUEZ,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>COUNTY OF RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and DOES 1-25, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 5:21-cv-1172<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF FEDERAL CIVIL RIGHTS:**<br><br>1. **FOURTH AMENDMENT - UNLAWFUL SEARCH AND SEIZURE (42 U.S.C. §1983)**<br>2. **FIFTH AMENDMENT - TAKING OF PRIVATE PROPERTY (42 U.S.C. §1983)**<br>3. **FOURTEENTH & FIFTH AMENDMENTS - DUE PROCESS (42 U.S.C. §1983)**<br>4. **FOURTH AMENDMENT – DETENTION AND ARREST (42 U.S.C. § 1983)**<br>5. **MUNICIPAL LIABILITY – RATIFICATION (42 U.S.C. § 1983)**<br>6. **MUNICIPAL LIABILITY – INADEQUATE TRAINING (42 U.S.C. § 1983)**<br><br>**DEMAND OF TRIAL BY JURY** |

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with an invalid search warrant, arrest, taking of property and deprivation of rights. The aforementioned wrongdoing was not based on probable cause. The subsequent harms and damages to Plaintiffs, as caused by Defendants actions, are detailed below and are to be incorporated into each and every separate cause of action.

2. This complaint is brought by Plaintiff Marvin Barrera, and his mother Maribel Barrera-Vasquez ("Barrera"), both individually and as Guardian Ad Litem for her minor children Plaintiffs Marcos Barrera and Christian Barrera (collectively the "Plaintiffs"), against the Riverside County Sheriff's Department ("RCSD") and the County of Riverside ("COUNTY"), (collectively the "Defendants"), by which Barrera was subjected to an unlawful search and seizure of her residence, which directly led to her unlawful arrest and seizure of her personal property. Plaintiff Marvin Barrera, a minor at all material times mentioned herein, was removed from his home and from Barrera, along with his minor sibling Christian Barrera, to a foster care facility. Marcos Barrera was removed from his home and from Barrera to a medical facility given his disability and medical issues.

3. RCSD and COUNTY, violated Plaintiffs' Fourth Amendment right to be protected against unreasonable and unlawful search and seizures. Plaintiffs bring this action under 42 U.S. Code §1983 which declares " Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

4. Plaintiffs were at all times relevant hereto residents of the County of Riverside, California and a person within the jurisdiction of the United States.

5. Defendant Riverside County Sheriff's Department, a local government entity created under the laws of the state of California and an agency of Riverside County, which is a county pursuant to the laws of the State of California.

5. At all relevant times, Defendant County of Riverside ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department ("RCSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-50.

6. Defendants DOES 1-10 ("DOE OFFICERS") are police officers for the RCSD. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the RCSD at all relevant times. Also, at all relevant times, DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant COUNTY.

7. Defendants DOES 11-15 are supervisory officers for the RCSD who were acting under color of law within the course and scope of their duties as officers for the RCSD. DOES 11-15 were acting with the complete authority and ratification their principal, Defendant COUNTY.

8. Defendants DOES 15-20 are managerial, supervisorial, and policymaking employees of the RCSD, who were acting under color of law within the course and scope of their duties as managerial,

supervisorial, and policymaking employees for the RCSD. DOES 15-20 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9. Defendants DOES 21-25 are managerial, supervisorial, and policymaking and prosecutorial decision-making employees of the COUNTY, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking and prosecutorial decision-making employees for the COUNTY.

10. DOES 21-25 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. On information and belief, DOES 1-25 were residents of the County of Riverside.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS and all DOE Defendants 1-25 were acting on the implied and actual permission and consent of Defendants RCSD and COUNTY.

13. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-25, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff may seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained and new information comes to light. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. At all times mentioned herein, every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all

of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

16. DOES 1-25 are sued in their individual capacity.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

18. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

19. Also, "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state. See Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002). (Maldonado v. Harris (9th Cir. 2004) 370 F.3d 945, 954.) "To protect parties who have a civil cause of action that accrued before or during the state of emergency related to the COVID-19 pandemic, the Judicial Council adopted California Rules of Court, emergency rule 9, which tolled statutes of limitations on the commencement of civil causes of action…[t]oll from April 6, 2020, until October 1, 2020, the statutes of limitation and repose for civil causes of action that exceed 180 days...[t]he rule refers to civil causes of action, which include special proceedings. The rule also applies to limitations on filing of causes of action found in statutes other than the Code of Civil Procedure, including the limitations on causes of action found in, for example, the Family Code, Probate Code, and Public Resources Code." See Judicial Council of California, Civil Practice and Procedure: Tolling of Statutes of Limitations in Response to COVID-19 Pandemic, available at

https://jcc.legistar.com/View.ashx?M=A&ID=790621&GUID=A0ED0998-D827-4792-9BD1-A3A4FCF939AA.

20. To the extent where proper and necessary, the foregoing emergency rule 9 tolled the limitations period pertinent to this action from April 6, 2020, through October 1, 2020.

**FACTUAL ALLEGATIONS COMMON
TO ALL CLAIMS FOR RELIEF**

21. On July 18, 2019, deputies from the Riverside County Sheriff's Department ("RCSD") executed a search warrant (the "search warrant") on a 2.38-acre parcel lot. Within this parcel lot, were two separate dwellings and addresses: Mr. Cesar Madrid's ("Madrid") dwelling at 30346 Yucca Avenue, Lakeview (or Nuevo), CA, 92550 (OR 92567), (hereinafter "30346 Yucca Avenue" or "Madrid's property") and Barrera's dwelling at 30350 Yucca Avenue, Lakeview (or Nuevo), CA, 92550 (or 92567), (hereinafter "30350 Yucca Avenue" or "Barrera's property"). Barrera was renting the dwelling and property at 30350 Yucca Avenue and was under a lease agreement with her landlord Erika Madrid. The 30346 Yucca Avenue property, at the time of the issuance and execution of the search warrant was under the dominion and control of Madrid, Erika Madrid's father, and never was, or never has or had been under the dominion and control of Plaintiffs.

22. At all material times mentioned herein, the Madrid's and Barrera's properties were separately and conspicuously separated by fences; each of those properties were privately gated and each property with an independent entry point.

23. Upon execution of the search warrant, deputies illegally searched Plaintiffs' home which led to an illegal seizure of private and personal property of Barrera and Barrera's unlawful arrest.

24. About a month prior to the execution of the search warrant, on June 22, 2019, the Riverside County Sheriff's Department conducted aerial reconnaissance via helicopter in the Lakeview area of

Riverside County. An officer saw that the property identified as Parcel Number 426-260-006-2, contained two plastic covered greenhouse structures and one large, uncovered marijuana garden.

25. Thereafter, on July 9 and/or July 10, 2019, the Sheriff's Department conducted additional aerial reconnaissance and confirmed seeing the marijuana in the same location as before. An arial photo of the 2.38-acre parcel was taken by the RCSD and clearly showed: a fenced line measuring approximate 6' divided 30346 Yucca Avenue (Madrid's property) to the West of the parcel with the alleged "2 clear plastic covered greenhouse structures" and the alleged "large uncovered marijuana garden;" that the alleged "marijuana garden" was "surrounded by a light brown fence with mesh covering" to the South and West of the alleged marijuana garden; and that the other side of the fenced line to the West portrayed 30350 Yucca Avenue (Barrera's property), with no signs of cultivation of any plants or any suggestion that would indicate the existence of any marijuana plants. The search warrant described Plaintiffs' dwelling as a residence located in the 2.38-acre parcel as a yellow mobile home exterior with a white trim and a gray shingle roof that is enclosed by a cinderblock wall with brown wrought iron attached to the top of the wall.

26. On July 18, 2019, the day the search warrant was executed, the RCSD found at 30346 Yucca Avenue (Madrid's property): 500 mature marijuana plants, nine large 40-gallon bags of processed marijuana in the horse stables, and fans typically used in the growing of marijuana.

27. On information and belief, the RCSD knew, based on the Affiant's Declaration to the search warrant, and based on the color picture attached thereto that: (i) a fenced line was present measuring approximate 6' divided 30346 Yucca Avenue (Madrid's property) to the West of the parcel with the alleged "2 clear plastic covered greenhouse structures" and the alleged "large uncovered marijuana garden;" (ii) that the alleged "marijuana garden" was "surrounded by a light brown fence with mesh covering" to the South and West of the alleged marijuana garden; (iii) that the

other side of the fenced line to the West portrayed 30350 Yucca Avenue (Barrera's property) showed no signs of cultivation of any plants or any suggestion that would indicate the existence of any marijuana plants. The RCSD knew, and had reason to know, that there was an approximate and unambiguous 6' fence line dividing 30346 Yucca Avenue and 30350 Yucca Avenue, as shown in the color picture added to Attachment "A" of the search warrant. Also, Attachment "A" of the search warrant referred to a "residence" located in the parcel as a "yellow mobile home exterior with a white trim and a gray shingle roof" and said "property enclosed by a cinderblock wall with brown wrought iron attached to the top of the wall."

28. The foregoing home surrounded by a "cinderblock wall with brown wrought iron attached to the top of the wall" was no other than Barrera's 30350 Yucca Avenue property which was a separately leased as four-corners fenced property with an independent entry point.

29. On information and belief, at the time the search warrant was authored and issued, consisted, and consistent with Attachment A of the search warrant, of the following: (i) to the East side, a "cinderblock wall with brown wrought iron attached to the top of the wall" as described in Attachment A of the search warrant; (ii) to the South, the continuation of the "cinderblock wall with brown wrought iron attached to the top of the wall;" (iii) to the West, an unmistakably vinyl fence approximately 6' in height and attached to the "cinderblock wall with brown wrought iron attached to the top of the wall" coming from the South; (iv) to the North, another prominent "cinderblock wall," approximately 6' in height with "brown wrought iron attached to the top."

30. On information and belief, and according to the Riverside County Parcel Report ("County Parcel Report") in existence at the time of the Affiant's Declaration and issuance of the Search Warrant, the parcel identified in the Affiant's Declaration of the Search Warrant had two distinct units placed over subdivided lots. Specifically, the County Parcel Report identified: (i) The parcel

with a lot size of 2.38 acres, with approved "SUBDIVISION" of the 2.38 acres into "4" lots measuring "1/2 AC LOTS;" (ii) one property built in 1972 with a 1,440 sq. ft. area; (iii) another dwelling constructed in the year 2009 with "garage type" "ATTACHED," with 1,399 sq. ft. of property area.  Moreover, the Transportation and Land Management Agency of Riverside County ("Land Management Agency"), had in fact approved to the owner of the parcel on May 26, 2009, the building of the above-mentioned second unit as a "2ND UNIT SFR 1408 SQFT/GAR 502 SQFT/PATIOS 214 SQF" with the "SITUS" identified as 30346 Yucca Ave.

31. On information and belief, the Office of the Treasurer - Tax Collector of Riverside County ("Treasurer Tax Collector," had identified both properties over the parcel as independent of each other with distinct addresses:  30346 Yucca Ave, Nuevo, CA 92567 and 30350 Yucca Ave, Nuevo, CA 92567.  Also, the Assessor – Recorder of the Riverside County Clerk office ("County Clerk"), had identified the parcel with a "Type SFD with Secondary Unit(s)" as "Building 1" constructed in the year "1972" and "Building 2" constructed in the year "2009."  Not less important, the U.S. Postal Service and the United Parcel Service has particularly identified the foregoing addresses as independent of each other for mail and parcel delivery purposes.

32. On information and belief, the RCSD knew or had reason to know, that the buildings and properties they noticed during their aerial observations were in fact two separate dwellings, separately gated and fenced properties not part of the same curtilage as to each other, thus, the RCSD needed to secure a warrant for each dwelling and property.

33. On information and belief, the RCSD failed to secure a warrant for Barrera's property but nevertheless proceeded to search and seizure the Plaintiffs' dwelling on July 18, 2021.

34. According to the RCSD's Incident Report ("incident report") in connection to the search warrant, "deputies contacted" Barrera "in the front manufactured home on the property," that is, the

Barrera's property. Madrid was also "contacted" by deputies Sheriff's Department while Madrid "was tending to the main property near the large marijuana grows," that is, the Madrid's property. Also, "numerous juveniles of varying age were located in the manufactured home," that is, the Plaintiffs other than Barrera in the instant action.

35. According to the incident report, the RCSD seized thousands of dollars in U.S. currency from Barrera's property and an i-phone.

36. Interviews with Madrid and Barrera during the execution of the search warrant revealed that Barrera had knowledge of the marijuana cultivation on 30346 Yucca Avenue, but that she was not involved in any way with the marijuana cultivation operation at Madrid's property, and that she and her boyfriend, Mr. Villasenor-Aguirre, had been renting the 30350 Yucca Avenue property.

37. Madrid and Barrera were arrested on July 18, 2019. Barrera was subsequently charged and prosecuted with violation of Health & Saf. Code §§ 11358(c) and 11359(b) by the Office of the District Attorney of Riverside County Case No. RIM1909121 from evidence seized under the Search Warrant that was issued specifically, exclusively, and solely on probable cause observed at her landlord's property located at 30346 Yucca Avenue.

38. On information and belief, Barrera's minor children and Plaintiffs Marcos and Christian were taken away by child welfare officials in Riverside County. Also, Plaintiff Marvin Barrera, a minor at the time, was also taken away from Barrera by said child welfare officials. Barrera was precluded thereafter on making any decisions about her children's care and at some point, precluded from knowing the whereabouts of her child Marcos.

39. On information and belief, due to his disability and medical condition at the time of his mother's (Barrera) arrest, Plaintiff Marcos was taken to one or more medical facilities where he was eventually intubated to deliver nutrients and/or fluids and/or medications, however, prior to Barrera's

arrest, Plaintiff Marcos was not in need of any intubated method to deliver nutrients and/or fluids and/or medications into his system.

40. On information and belief, Plaintiff Christian and Plaintiff Marvin were taken by Riverside County welfare officials to a care facility and/or foster care facility.

41. On information and belief, because of the aforesaid charges and prosecution of Barrera, the children were unable to see their mother, Plaintiff Barrera, for an extended period of time.

42. On information and belief, Barrera was part of a child custody case in the county of Riverside because of the foregoing charges and prosecution.

43. On or about February 18, 2020, some of Barrera's seized property in connection to the search warrant was forfeited to the state and distributed by the Riverside County District Attorney's Office under case No. RIC1904441.

44. On information and belief, Barrera was forced to forfeit some of her property due to the criminal charges she was facing, and the child custody matters triggered by the unlawful search, seizure, and arrest.

45. On or about February 16, 2021, the Superior Court of California for Riverside County, under Case No. RIM1909121, granted that all property seized from Barrera's property and any statements made by Barrera, because of the illegal search and seizure that occurred on July 18, 2019, be suppressed.

46. Barrera was eventually exonerated and all charges against her were dismissed. Also, Barrera gained custody again of her minor children.

\\\
\\\

# FIRST CLAIM
## FOURTH AMENDMENT - UNLAWFUL SEARCH AND SEIZURE
## (42 U.S.C. § 1983)
### (By Plaintiff Maribel Barrera Against Defendants, and Does 1 through 25, inclusive)

47. Plaintiffs re-alleges the paragraphs above as if set forth fully herein.

48. Barrera's property at 30350 was illegally searched because officers lacked probable cause to support the search warrant as to her property.

49. Any and all illegal activity that was observed by the RCSD during the arial reconnaissance was found at 30346 Yucca Avenue, property that was under the dominion and control of Erika Madrid and/or Madrid and not Barrera.

50. Additionally, during said arial reconnaissance, it was made evident to and noted by law enforcement that there were indeed two separate properties on the 2.38-acre parcel, and there was an unmistakable 6' vinyl fence that separated the two properties.

51. There was additional ample evidence that existed at the time of the issuance and execution of the search warrant that would have further indicated that the two properties were in fact separate dwelling with their own respective addresses: such as a Riverside County Parcel Report which identified that the 2.38- acre parcel with approved "SUBDIVISION" into "4" lots measuring "1/2 AC LOTS" had one property built in 1972 with a 1,440 sq. ft. area and another dwelling constructed in the year 2009with "garage type "ATTACHED," with 1,399 sq.ft. of property area. Also, the Office of the Treasurer - Tax Collector of Riverside County has identified both properties over the parcel as independent of each other with distinct addresses: 30346 Yucca Ave, Nuevo, CA 92567and 30350 Yucca Ave, Nuevo, CA 92567.

52. On information and belief, the RCSD's execution of the search warrant upon Barrera's property was a deficiency that would have been apparent to any reasonable well-trained officer.

53. The RCSD's failure to secure a valid warrant, based on probable cause, for each independent dwelling and a failure to establish probable cause to search Barrera's property made the search, removal of private property, and unlawful arrest that occurred on July 18, 2019, illegal and a clear violation of Barrera's right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54. Plaintiffs also seeks attorney's fees and costs under this claim.

## SECOND CLAIM
**FIFTH AMENDMENT – TAKING OF PRIVATE PROPERTY**
**(42 U.S.C. § 1983)**
**(By Plaintiff Maribel Barrera Against Defendants, and Does 1 through 25, inclusive)**

55. Plaintiffs re-alleges the paragraphs above as if set forth fully herein.

56. At the time the execution of the search warrant took place, the RCSD seized thousands of dollars in U.S. currency and an i-phone which were found inside Barrera's property.

57. Upon, Barrera's unlawful arrest, a dog that was on Barrera's property was also removed and never returned and placed in the custody of officials from the Riverside County animal control agency.

58. The RCSD conducted an illegal search of Barrera's property, and thus everything that was taken from the property was essentially taken illegally and this includes Barrera's private property.

59. The RCSD, and all Defendants, violated Barrera's rights, guaranteed by the Fifth Amendment, that protects person's from having their private property being taken by the government, for public use, without just compensation.

60. Barrera unjustly, and in violation of her substantive Civil and Constitutional rights hadher life, liberty, children, private property and freedom taken from her, without proper notice and an opportunity to be heard. Barrera unjustly, and in violation of her substantive Civil and Constitutional rights had her children and property taken from her without proper notice and a substantive opportunity to be heard, in violation of her Constitutional privileges and protections.

61. Barrera's money and personal property was seized by Defendants without just compensation to her, under the guise of "asset forfeiture" in violation of her rights, and purportedly for the public purpose of combating crime and/or for public use.

62. Plaintiffs also seeks attorney's fees and costs under this claim.

## THIRD CLAIM
**FIFTH AMENDMENT& FOURTEENTH AMENDMENT – DUE PROCESS VIOLATION**
**(42 U.S.C. § 1983)**
**(By ALL Plaintiffs Against Defendants, and Does 1 through 25, inclusive)**

63. Plaintiffs re-alleges the paragraphs above as if set forth fully herein.

64. Plaintiffs had a cognizable interest under the Due Process Clause of the Fifth and Fourteenths Amendments to be free form deprivation of life, liberty, or property without due process of law.

65. When Ms. Barrera-Vasquez was unlawfully arrested, her children were taken away by Riverside County welfare officials to a care facility/facilities and/or foster care facility/facilities and/or medical facility/facilities, causing additional emotional pain and distress to both her and her children.

66. The RCSD officials acted with indifference to Barrera's rights when they illegally searched her residence, unlawfully took her private property, unlawfully took her children, and unlawfully arrested her on July 18, 2019.

67. Barrera, unjustly and in violation of her substantive Civil and Constitutional rights, had her life, liberty, children, private property and freedom taken from her, by Defendants, without proper notice and an opportunity to be heard, and without probable cause. Barrera unjustly, and in violation of her substantive Civil and Constitutional rights had her freedoms, children and property taken from her, by Defendants, without proper notice and a substantive opportunity to be heard, in violation of her Constitutional due process privileges and protections and without probable cause.

68. Plaintiffs also seeks attorney's fees and costs under this claim.

## FOURTH CLAIM
### FOURTH AMENDMENT – DETENTION AND ARREST
### (42 U.S.C. § 1983)
**(By Plaintiff Maribel Barrera Against Defendants, and Does 1 through 25, inclusive)**

69. Plaintiffs re-alleges the paragraphs above as if set forth fully herein.

70. The RCSD detained Barrera and arrested her without probable cause.

71. When the RCSD placed Barrera in handcuffs, and locked her in their patrol car, they violated Barrera's right to be secure in her person against unreasonable searches and seizures as guaranteed to Barrera under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

72. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

73. As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

74. Plaintiffs also seeks attorney's fees and costs under this claim.

**FIFTH CLAIM**
**MUNICIPAL LIABILITY – RATIFICATION**
**(42 U.S.C. § 1983)**
**(By ALL Plaintiffs Against Defendants, and Does 1 through 25, inclusive)**

75. Plaintiffs re-alleges the paragraphs above as if set forth fully herein.

76. Defendants acted under color of law; the acts of Defendants deprived Plaintiffs of their rights under the United States Constitution. Upon information and belief, final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants, ratified Defendants' acts and the bases for them. Upon information and belief, the final policymakers knew of and specifically approved of Defendants' acts.

77. Upon information and belief, final policymakers determined (or will determine) that the acts of Defendants were "within policy."

78. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support as applicable to Barrera and her children. The aforementioned acts and omissions also caused Plaintiffs' pain and suffering, loss of enjoyment of life, and physical and emotional pain, suffering and distress.

79. Accordingly, Defendants COUNTY, the RCSD and DOES 1-25 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

80. Plaintiff also seeks attorney's fees and costs under this claim.

**SIXTH CLAIM**
**MUNICIPAL LIABILITY – INADEQUATE TRAINING**
**(42 U.S.C. § 1983)**
**(By ALL Plaintiffs Against Defendants, and Does 1 through 25, inclusive)**

81. Plaintiffs re-alleges the paragraphs above as if set forth fully herein.

82. Defendants acted under color of law.

83. The acts of Defendants deprived Plaintiffs of their particular rights under the United States Constitution.

84. The training policies of Defendants COUNTY AND the RCSD were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

85. Defendants COUNTY and the RCSD were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

86. The failure of Defendants RCSD and COUNTY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injuries.

87. On information and belief, the RCSD and COUNTY failed to train DOE OFFICERS properly and adequately.

88. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of each other. The aforementioned acts and omissions also caused Plaintiffs' pain and suffering, loss of enjoyment of life, and family.

89. Accordingly, Defendants RCSD, COUNTY and DOES 1-25 are each liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

90. Plaintiffs also seeks attorney's fees and costs under this claim.

\\\
\\\
\\\

- 17 -
COMPLAINT

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

(a) Compensatory general and special damages according to proof;

(b) Exemplary and/or punitive damages against Defendants, according to proof;

(c) Reasonable attorney's fees and expenses of litigation as provided for by 42 U.S.C. § 1988 and whatever other provision of law may be applicable;

(d) Costs of suit necessarily incurred herein; and,

(e) Such further relief as the court deems just or proper.

DATED: July 14, 2021.                    Respectfully Submitted,

                                                REYES & SETTLES, LLP

                                                Luis F. Reyes, Esq.
Attorney for Plaintiff
Reyes & Settles, LLP
41690 Ivy Street, Suite B
Murrieta, CA 92562
Telephone: 888-812-5549
Facsimile: 866-877-0311
E-mail: Luis@reyessettles.com